Filed 10/17/22  From The Earth v. Beltran CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FROM THE EARTH, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO BELTRAN,<br><br>    Defendant and Appellant. | B310055<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV36221 |

        APPEAL from an order of the Superior Court of Los Angeles County.  Michael P. Linfield, Judge.  Affirmed.

        Urtnowski & Associates, J. Brian Urtnowski and Lisamarie McDermott for Plaintiff and Respondent.

        Law Office of Jose Luis Fuentes and Jose Luis Fuentes for Defendant and Appellant.

_____

The City of Commerce denied commercial cannabis licenses to From The Earth, LLC after the company refused to participate in an alleged extortion and kickback scheme operated by Mario Beltran, a cannabis lobbyist. From The Earth sued Beltran and the City, alleging Beltran had colluded with the City in an attempt to extort From The Earth and the City had violated From The Earth's right to equal protection by denying its license application on pretextual grounds while approving cannabis licenses for similar applicants. Beltran filed a special motion to strike the extortion cause of action (Code Civ. Proc., § 425.16),[1] contending his conduct constituted protected petitioning activity under the statute and From The Earth could not establish a probability of prevailing on the merits. The trial court denied the motion, ruling the cause of action against Beltran for extortion did not arise from protected activity. Although we disagree with the trial court's reasoning, because From The Earth established the requisite minimum probability of prevailing on the merits, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *From The Earth's Unsuccessful Application for Cannabis Licenses*

In a declaration filed with From The Earth's opposition to Beltran's special motion to strike, Kintu Patel, a founding member and manager of the company, described the factual background of From The Earth's cause of action for extortion. According to Patel, in October 2018 From The Earth applied to the City for non-storefront commercial cannabis delivery,

---

[1] Statutory references are to this code unless otherwise stated.

cultivation, manufacturing and distribution business licenses. As part of its application From The Earth completed a mapping report verifying that its proposed business location was more than 600 feet from any schools, daycares, parks and youth centers as required by the City's municipal code.

On October 31, 2018 the City notified From The Earth its application had been successfully submitted and was being advanced to phase two of the application process. On November 7, 2018 the City notified From The Earth it was a "qualified applicant" and its application had advanced to the third and final phase, city council consideration.

Around the time of the City's November 7, 2018 notice, Beltran telephoned Patel. Patel's declaration stated he understood Beltran was a former City of Bell councilmember with a criminal record and a reputation for attempting to assert influence in cities that were awarding cannabis licenses. According to Patel, Beltran stated, if From The Earth did not engage him as a lobbyist for its application process and pay Beltran certain kickbacks, he would ensure the City would deny From The Earth's cannabis license application. (Beltran denies making any such threat.) From The Earth did not respond to or engage Beltran's services.

On November 16, 2018 the City sent From The Earth a conditional "Notice of Selection," stating the city council had voted to authorize From The Earth to continue to advance through the permit process "in order to ultimately establish a lawful commercial cannabis business in the City." The Notice of Selection was contingent on From The Earth fulfilling all applicable requirements, including obtaining a recommendation of approval from the city planning commission and the city

council's final approval of From The Earth's development agreement.

On November 30, 2018 Beltran emailed From The Earth and attached a proposed contract. Among other things the contract required From The Earth to make an initial payment of $50,000 to Beltran upon award of the permits, pay Beltran $2,500 per month, for an indefinite amount of time, and encumber any future purchaser of From the Earth's business with the obligation to pay Beltran $2,500 monthly (or alternatively, pay Beltran 10 percent of the purchase price), in exchange for which Beltran would "solidify [From The Earth's] efforts to secure local permits or licenses to operate cannabis businesses, specifically in the *City of Commerce*." Beltran requested that From The Earth sign and return the contract within 24 hours.

Within minutes of From The Earth receiving Beltran's email and contract on November 30, the City sent an email notifying From The Earth it was authorized to apply for a temporary business license to engage in commercial cannabis activities. The City addressed this email to two principals of From The Earth and to "Mario"—Beltran's first name. From The Earth had neither retained Beltran nor notified the City that it had any relationship to him.

Patel immediately asked the City to remove Beltran from any future correspondence with From The Earth. The following day Patel told Beltran that From The Earth would not retain him for any lobbying services.

On February 13, 2019 the City's planning commission voted to recommend the city council deny From The Earth's application. On April 30, 2019 the city council considered and

4

denied From The Earth's application for commercial cannabis licenses.

2. *From The Earth's Complaint*

From The Earth sued the City and Beltran on September 22, 2020 alleging the City and Doe defendants had violated its Fourteenth Amendment right to equal protection and Beltran and Doe defendants were liable for extortion. The complaint detailed the steps taken by From The Earth to obtain approval of its commercial cannabis licenses, Beltran's efforts to be retained by From The Earth and his implied threats of adverse consequences if it did not hire him and the ultimate decision by the City to deny From The Earth's application. In particular, paragraph 25 of the complaint alleged, "Defendant Beltran made threats to Plaintiff's business interest through both telephonic and written communication by [*sic*] when they told Plaintiff that if Plaintiff did not engage defendant Beltran as its lobbyist for Plaintiff's Business License Application process and not pay certain kickbacks to defendant Beltran, defendant Beltran would ensure that defendant City of Commerce would deny all of the Cannabis Licenses Plaintiff sought. . . . Defendant Beltran had his connection to carry out his threats to Plaintiff displayed in an email defendant City of Commerce sent to Plaintiff, which feigned a presupposition that Plaintiff had agreed to the engage in the illegal kickback scheme with defendant Beltran."

3. *The Special Motion To Strike*

Beltran filed a section 425.16 special motion to strike the cause of action for extortion on October 28, 2020. In his motion Beltran argued his offer of lobbying services to From The Earth in connection with the company's pending cannabis license

application and his communications with the City related to cannabis licenses were protected speech or petitioning activity. In addition, he contended, his communications on which From The Earth's cause of action was based were absolutely privileged under Civil Code section 47, subdivision (b)(1) and (3).

In its opposition to the motion From The Earth submitted Patel's declaration, described in a preceding section, and argued extortion is not a protected form of speech; Beltran's communications with From The Earth were not made in connection with an issue of public interest; and his speech was not privileged under Civil Code section 47, subdivision (b).

After hearing argument the trial court denied the motion. At the outset of its ruling the court wrote, "The issue presented here is simple: is an alleged extortion scheme protected by the anti-SLAPP statute. The answer is equally simple: No."

The court explained, "Defendant fails to meet his initial burden to make a prima facie showing that the gravamen of Plaintiff's allegations against Defendant are protected by Code of Civil Procedure section 425.16. Contrary to Defendant's assertion, the gravamen of Plaintiff's claim against him are not based on speech or writing made in connection with an issue under review or consideration by an official proceeding with the City of Commerce's city council. Instead, the gravamen of Plaintiff's claim against Defendant Beltran is that Defendant Beltran made telephonic and written threats to Plaintiff, threatening that if Plaintiff did not use Defendant Beltran's lobbying services, then Defendant Beltran would retaliate against Plaintiff and ensure that Defendant City of Commerce would deny the cannabis licenses Plaintiff applied to receive from Defendant City of Commerce. [Citation.] [¶] Defendant has

6

failed to meet his initial burden to demonstrate how these allegations, central to Plaintiff's claim for extortion against Defendant, arise from protected activity pursuant to the anti-SLAPP statute."[2]

Beltran filed a timely notice of appeal.

## DISCUSSION

1. *The Special Motion To Strike: Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); see *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619-620 ["[a] court may strike a cause of

---

[2] Several weeks after denying Beltran's motion, the trial court denied the City's special motion to strike. We affirmed that order in a nonpublished opinion earlier this year (*From The Earth, LLC v. City of Commerce* (Mar. 15, 2022, B311070)), holding the City's decision to deny From The Earth's cannabis business license application, the basis for its equal protection claim, did not arise from protected activity. (See *Shahbazian v. City of Rancho Palos Verdes* (2017) 17 Cal.App.5th 823, 836-837 [in analyzing a claim based on discriminatory governmental action, the court must distinguish between challenges to government decisions and statements that may have led to those decisions].)

action only if the cause of action (1) arises from an act in furtherance of the right of petition or free speech 'in connection with a public issue,' and (2) the plaintiff has not established 'a probability' of prevailing on the claim"].)

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

In ruling on a special motion to strike under section 425.16, the trial court engages in a now-familiar two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384; accord*, Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)

8

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at p. 1062.)  Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute.  A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*); see *Bonni, supra,* 11 Cal.5th at p. 1009 ["[t]he defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"]; *Park,* at p. 1060.)

"As to the second step inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940;[3] accord, *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)  "'We have described this second step as a "summary-judgment-like procedure." [Citation.]  The court does not weigh evidence or resolve conflicting factual claims.  Its inquiry is limited to

---

[3]   Although the Supreme Court in *Sweetwater Union High School Dist. v. Gilbane Building Co., supra,* 6 Cal.5th 931 referred generally to "competent admissible evidence," the Court held certain types of evidence, potentially admissible at trial but not presented in admissible form, could be considered in determining whether the plaintiff had demonstrated a probability of success on the merits. (*Id.* at p. 949; see *Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 770-779.)

whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.'" (*Monster Energy*, at p. 788; see *Taus v. Loftus* (2007) 40 Cal.4th 683, 714 [the court should grant the section 425.16 motion "'if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim'"].)

We review de novo an order granting or denying a special motion to strike under section 425.16. (*Wilson*, *supra*, 7 Cal.5th at p. 884; *Park*, *supra*, 2 Cal.5th at p. 1067.)

> 2. *From The Earth's Cause of Action for Extortion Arose from Protected Speech or Petitioning Activity*

From The Earth's cause of action for extortion is expressly based on Penal Code section 523, which provides in subdivision (a), "Every person who, with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519 is punishable in the same manner as if such property or other consideration were actually obtained by means of such threat." (See Pen. Code, §§ 518 ["[e]xtortion is the obtaining of property or other consideration from another, with his or her consent . . . induced by a wrongful use of force or fear"], 519 ["[f]ear, such as will constitute extortion, may be inducted by a threat," including a threat "[t]o do an unlawful injury to the person or property of the individual threatened or of a third person"]; *Flatley v. Mauro* (2006) 39 Cal.4th 299, 326 ["'the

10

legislature in denouncing the wrongful use of fear as a means of obtaining property from another had in mind threats to do the acts specified in section 519, the making of which for the purpose stated is declared to be a wrongful use of fear induced thereby'"].)[4]

From The Earth's complaint alleged that Beltran's offer of his lobbying services included the threat that, if he was not retained and paid as specified in his proposed contract, he would ensure the City denied the licenses sought by From The Earth. The credibility of this threat of interference in the approval process, From The Earth further alleged, was demonstrated by the City's email, received immediately after Beltran sent the proposed contract, that included Beltran as one of the addressees,

---

[4] The court of appeal in *Fuhrman v. California Satellite Systems* (1986) 179 Cal.App.3d 408, disapproved on another ground in *Silberg v. Anderson* (1990) 50 Cal.3d 205, 217-218, recognized the crime of extortion can form the basis for a civil action in tort. "However denominated (e.g., extortion, menace, duress), our Supreme Court has recognized a cause of action for the recovery of money obtained by the wrongful threat of criminal or civil prosecution. [Citations.] It is essentially a cause of action for moneys obtained by duress, a form of fraud." (*Id.* at p. 426; see generally Rest.2d Torts, § 871 & com. a ["[o]ne who intentionally deprives another of his legally protected property interest or causes injury to the interest is subject to liability to the other if his conduct is generally culpable and not justifiable under the circumstances"; this rule "is applicable to duress in a great variety of situations"].) Although Beltran argues From The Earth has not adequately pleaded a cause of action for civil extortion, he does not contend attempted extortion as defined in the Penal Code is not a valid basis for a civil cause of action.

11

thereby indicating Beltran had already communicated with the City regarding the license application.

Beltran's communications to From The Earth in an attempt to be retained to lobby in support of its license application (with the alleged accompanying threats) are the wrong complained of, not simply "evidence of liability or a step leading to some different act for which liability is asserted." (*Park, supra,* 2 Cal.5th at p. 1060.) Those efforts—an essential element of the cause of action for civil extortion—are properly considered an aspect of protected petitioning activity—statements made in connection with an issue pending in an official proceeding within the meaning of section 425.16, subdivision (e)(2). As alleged by From The Earth, Beltran's phone calls and emails all explained how he could influence the City's decision on the pending application. Nothing more was needed for Beltran to make the required first step showing. (Cf. *Rand Resources, LLC v. City of Carson*, *supra*, 6 Cal.5th at p. 629 [lobbying "communications—designed to influence the City's renewal decision while the renewal application [for a contract granting exclusive agency to negotiate with the NFL regarding a stadium development] was pending—are reasonably considered communications 'in connection with an issue under consideration or review by a legislative . . . body' within the meaning of subdivision (e)(2)"].)

That "[e]xtortion is not a constitutionally protected form of speech" (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 328) and Beltran's actions were allegedly part of a collusive extortion scheme with the City does not affect our first-step analysis. "If conduct that supplies a necessary element of a claim is protected, the defendant's burden at the first step of the anti-SLAPP analysis has been carried, regardless of any alleged motivations

12

that supply other elements of the claim." (*Wilson, supra,* 7 Cal.5th at p. 892 [concluding that "for anti-SLAPP purposes discrimination and retaliation claims arise from the adverse actions allegedly taken, notwithstanding the plaintiff's allegation that the actions were taken for an improper purpose"].)

To be sure, as From The Earth argues, the Supreme Court in *Flatley v. Mauro, supra,* 39 Cal.4th at page 320 held a defendant may not use section 425.16 to strike an action based on speech or petitioning activity that is illegal. But this exception applies at the first step only if "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law." (*Flatley,* at p. 320; accord, *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424; *Towner v. County of Ventura* (2021) 63 Cal.App.5th 761, 771.) That is not the case here. Far from admitting his conduct was illegal, Beltran has expressly denied he made the threatening statements described in Patel's declaration.

3. *From The Earth Has Demonstrated a Probability of Prevailing on the Merits of Its Cause of Action for Extortion*

To prevail at the second step of a special motion to strike, the plaintiff need present evidence that satisfies "only 'a minimum level of legal sufficiency and triability.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 738.) From The Earth unquestionably demonstrated the requisite minimal merit of its claim against Beltran.[5]

---

[5] Even though the trial court did not reach the question whether From The Earth had established the necessary minimum probability of prevailing on the merits, because review

13

Extortion "requires an unlawful use of force or fear with the intent of achieving a further consequence, the inducement of another person to consent to the actor's obtaining the other's property." (*People v. Hesslink* (1985) 167 Cal.App.3d 781, 789-790; see *People v. Sales* (2004) 116 Cal.App.4th 741, 749 ["[t]he elements of the crime of attempted extortion are (1) a specific intent to commit extortion and (2) a direct ineffectual act done towards its commission"]; see generally CALCRIM No. 1830.)

From The Earth presented evidence (Patel's declaration and attached exhibits) that Beltran threatened to ensure the denial of the company's cannabis license application unless From The Earth retained him as a lobbyist to assist in the application process—a threat that was reinforced by the City's November 30, 2018 email that indicated Beltran had already been in contact with the City regarding the application. Beltran's actions, if proved at trial, would support a finding of attempted extortion under Penal Code sections 518, 519 and 523. Accepting this evidence as true, as we must when evaluating a section 425.16 special motion to strike, From The Earth has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.

Beltran's response is insufficient to defeat From The Earth's evidentiary showing. His denial that he made threatening statements suggesting unlawful interference with the City's evaluation of From The Earth's license application if he was not retained as a lobbyist, as described by Patel, of course, merely established a conflict that cannot be resolved at this stage

on appeal is de novo, we properly address the issue. (*Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 615-616.)

14

of the proceedings.  Similarly, although Beltran's specific intent to commit extortion, an element of the crime, was not established by Patel's declaration, it may be reasonably inferred from the statements and conduct attested to by Patel, at least for purposes of establishing the extortion claim's minimal merit.  Finally, whether or not Beltran is correct that his communications with the City concerning cannabis licenses are privileged under Civil Code section 47, subdivision (b), From The Earth's cause of action is predicated on the decidedly unprivileged statements and emails between Beltran and Patel and the subsequent action by the City in denying From The Earth's application for commercial cannabis licenses.

## DISPOSITION

The order denying Beltran's special motion to strike is affirmed.  From The Earth is to recover its costs on appeal.


PERLUSS, P. J.



We concur:



SEGAL, J.                              FEUER, J.


15